Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Russell P. Buscaglia, A.J.], entered November 1, 2016) to annul the determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules.
 

 It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
 

 Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II hearing, that he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey order]) and 109.12 (7 NYCRR 270.2 [B] [10] [iii] [movement regulation violation]). Contrary to petitioner’s contention, inasmuch as the issue raised in the petition is one of substantial evidence, Supreme Court properly transferred the proceeding to this Court pursuant to CPLR 7804 (g) (see Matter of McMillian v Lempke, 149 AD3d 1492, 1492-1493 [4th Dept 2017], appeal dismissed 30 NY3d 930 [2017]; Matter of Tafari v Selsky, 76 AD3d 1144, 1145 n [3d Dept 2010], appeal dismissed 16 NY3d 783 [2011]). Contrary to petitioner’s further contention, the detailed misbehavior report and the testimony at the hearing, including petitioner’s own admissions, constitute substantial evidence supporting the determination (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]). Although an inmate patient has the right to refuse treatment to the extent permitted by law and cannot be penalized exclusively upon assertion of that right (see 9 NYCRR 7651.26 [a] [6]; [b]), the evidence here established that petitioner received punishment for violating inmate rules after he refused to attend a mandatory medical callout where he could have invoked his right to refuse treatment (see Matter of Siao-Pao v O’Keefe, 244 AD2d 741, 741 [3d Dept 1997]). In any event, even if the order to attend the medical callout was improper, petitioner was “ ‘not free to choose which orders to obey and which to ignore’ ” (Matter of Hogan v Fischer, 90 AD3d 1544, 1545 [4th Dept 2011], lv denied 19 NY3d 801 [2012]; see Matter of Rivera v Smith, 63 NY2d 501, 515-516 [1984]; Matter of Parrilla v Senkowski, 300 AD2d 870, 871 [3d Dept 2002], lv denied 99 NY2d 510 [2003]).
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Troutman, JJ.